1:10-bk-14726

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION – CINCINNATI**

In re:                                                               :        Case No.
    Marsha L. Nowell                                         Chapter 13
                                                            :        Judge _____

**Debtor(s)**                                                    :

                                                            :        **CHAPTER 13 PLAN**
                                                                     **(Form dated 9/3/09)**

                                                            :

Debtor(s) are __X__ (or _____ are not) eligible for discharge under Section 1328(f).

**1. MEDIAN INCOME/PLAN PAYMENT/PAYROLL DEDUCTION**
  **A.  MEDIAN INCOME - CHOOSE ONE: (X)**

    ABOVE MEDIAN INCOME __X__
    (Current monthly income (CMI) minus means test expenses = Disposable income (D/I)
    D/I (line 59 of the means test) $__63.67__ TIMES 60 = $__3,820.20__

    OR

    BELOW MEDIAN INCOME _____

  **B.  PLAN PAYMENT**

The Debtor(s) shall pay to the Trustee all projected disposable income in the amount of $ 1,700.00 each month for approximately __56__ months, but not to exceed five (5) years. If case is determined to be 'under 36 months' the Trustee will serve a notice upon the Debtor(s) and Counsel and increase the percentage. Unless the allowed unsecured claims are paid at 100%, the total plan payments shall not be less than the sum of 36 months of confirmed monthly plan payments. This provision does not prohibit the Debtor(s) from prepaying the plan before 36 or 60 months of plan payments.

  **C.  PERCENTAGE: UNSECURED CLAIM PERCENTAGE AND/OR POT AMOUNT**
**CHOOSE ONE: (X)**

_____ This is a pot plan.

__X__ This is a percentage plan. The percentage is __5__%.

The liquidation percentage for this plan is _____% and Trustee will pay this amount at a minimum or the disposable income amount, whichever is greater.

Liquidation percentage per 11 U.S.C. section 1325(a)(4)
(Equity) $__*__ divided by (unsecured debt) $__*__ equals (Liquidation plan percentage) __*__ %. (Note to Counsel: Add amount from means test into this equation if it is a positive amount.)  *See special provision.

**Pot plan analysis:**
Trustee will pay the creditors the pot plan amount of $ n/a . Anticipated pot plan percentage is n/a % (See LBR 3015-1(b)(2)). Case will pay $ n/a per month for approximately n/a months which equals $ n/a . Unsecured creditors will receive a minimum of n/a % pursuant to the liquidation analysis. Trustee is authorized to increase this pot amount, if necessary, in order to pay all claims as filed or meet the liquidation analysis. The Pot Plan Percentage will be set by Trustee at the time of the Notice of Intention to Pay Claims and may be adjusted as necessary.

**D.    PAYROLL DEDUCTION**

The first payment is due 30 days after the date of the filing of the plan or the order for relief whichever is earlier, unless the court orders otherwise. 11 U.S.C. section 1326 (a)(1). The Employer shall make deductions from employee's wages and send deductions to the Chapter 13 Trustee.

Employer is:    Board of Education, PO Box 5384, Cincinnati, Ohio 45201

Until the payroll order begins, the Debtors(s) **MUST** make payments by certified check or money order to: Office of the Trustee, P.O. Box 290, Memphis, TN 38101-0290. Debtor(s)' full name, case number and address must be on all certified checks or money orders. If Debtor(s) are employed, Debtor(s)' Counsel has uploaded an Order for payroll with the filing of this Chapter 13. Debtor(s) MUST VERIFY with their payroll that funds have actually been sent.

**2.  EFFECTIVE DATE OF PLAN and VESTING OF PROPERTY OF THE ESTATE**

The effective date of the Plan shall be the date of confirmation of the Plan. Title to the Debtor(s)' property shall revest in the Debtor(s) upon confirmation of the Plan; provided, however, Debtor(s) may not sell any property, real or personal, except upon application to the Trustee or motion to the Court as specified in Local Bankruptcy Rule 6004-1.

**3.  FILING OF PROOF OF CLAIM/ALLOWANCE AND PAYMENT OF CLAIMS PRIORITY PAYMENTS.**

Payment shall not be made on any claim unless a proof of claim is filed with the Clerk of the Bankruptcy Court, or the Court issues an order. See Fed. R. Bankr. P. 3002(c). The Trustee is authorized within her discretion to calculate the amount and timing of distributions as is administratively efficient. All priority creditors under 11 USC Section 507 shall be paid in full in deferred cash payments.

**4.  ATTORNEY FEES.**

The Trustee shall pay Attorney fees pursuant to filed application for fees and order of the Court. Counsel will be paid a lump sum payment of all funds held by the Trustee at confirmation minus any adequate protection payments, mortgage conduit payments, lease payments, or Trustee fees and then $200.00 (if available, if not, such lesser amount that is available) every month until the balance of the attorney fees are paid. After payment of attorney fees is completed, the additional funds will flow to secured and priority creditors. If monthly secured and priority payments exceed plan payment, attorney fees will be reduced.

**5.  ADEQUATE PROTECTION PLAN DISBURSEMENTS -**

Debtor(s) shall pay adequate protection payments and/or lease payments specified in 11 U.S.C. section 1326(a)(1)(B) and (C) and as scheduled in the plan to the Chapter 13 Trustee. If the case is dismissed or converted, the Chapter 13 Trustee shall pay these adequate protection payments to the creditor. The Trustee shall make these adequate protection disbursements with the first payment after confirmation. The creditor must file a proof of claim. Trustee suggests 1.5% of retail.

| Creditor | Monthly Payment | Proposed Amount of Adequate Protection Payment |
|---|---|---|
| 1. | | |
| 2. | | |
| 3. | | |
| 4. | | |

To the extent that this paragraph duplicates paragraphs 7 & 8, monthly payments proposed for secured claims in paragraphs 7 & 8 supplant these monthly adequate protection payments. If the Chapter 13 case is not confirmed by the 120th day after the filing of the petition, the Trustee shall pay the reserved payments to the creditors as listed in this paragraph 5. The Trustee is entitled to receive her statutory percentage fee on any pre-confirmation disbursement payments at the time of each payment to creditors and other claimants.

**6. SECURED CLAIMS 1325 (a)(5)(B)(ii)**

Secured creditors shall retain their security interest in the collateral until payment of the entire underlying debt or entry of discharge, whichever occurs first.  When these conditions have been fulfilled, creditor must transfer the title to any collateral pursuant to non-Bankruptcy law within thirty (30) days.   Holders of secured claims shall be paid provided that such priorities may be amended by the Court at or after the confirmation hearing, and that holders of secured claims will be given priority as set forth herein over holders of unsecured claims

**7. PMSI/Automobiles 910 claims:**

Debtor(s) incurred the following debt on an automobile within 910 days of filing or Debtor(s) incurred this debt for a PMSI within one year of filing.

| | Creditor | Monthly Payment | Proposed Amount of Allowed Secured Claim |
|---|---|---|---|
| 1. | | | |
| 2. | | | |

**8. VALUATION: 11 U.S.C. Section 506. (Cramdown)**

| | Creditor | Monthly Payment | Proposed Amount of Allowed Secured Claim |
|---|---|---|---|
| 1. | Citifinancial | $140.00 | $9,000.00 |
| 2. | Citifinancial Retail Serv. | $10.00 | $50.00 |
| 3. | HHGregg | $25.00 | $500.00 |
| 4. | Value City Furniture | $25.00 | $250.00 |

The amount of any secured creditor's allowed secured claim shall be that amount set forth in the Plan as the **"Proposed Amount of Allowed Secured Claim"** unless the Court, prior to confirmation, orders otherwise.  Fees, costs or charges on the proof of claim must be reasonable as required by 11 USC Section 506(b).  If sufficient funds are not available to make a full monthly payment on all claims listed above, the available funds will be disbursed by the Trustee according to the funds she has on hand, and approximate the amounts listed above as closely as possible.

**9.  DOMESTIC SUPPORT OBLIGATION: 101(14A); 1325(a)(8); 1302(d)(1); 1302(b)(6);**

**A. CHOOSE ONE –**

 X This section is not applicable.

**OR**

_____ Debtor(s) _____ **(NAME)** is obligated to pay a domestic support obligation.

**B.  COMPLETE IF APPLICABLE**

_____ Debtor(s) will make this payment from a current payroll deduction going directly to this creditor and is current on this obligation.

**OR**

_____ The Trustee shall make the CURRENT disbursement in the amount of **$** _____ monthly.  The monthly arrearage payment is  $ _____.

The name, address and phone number of the holder of the domestic support obligation is also listed separately on Schedule E and has been identified as such so that the Trustee may send a separate notice as required. The name, address and phone number of the Recipient and Enforcement Agency are as follows:

| Recipient: | _____ | Enforcement Agency: | _____ |
|---|---|---|---|
| Address: | _____ | Address: | _____ |
| City, St Zip: | _____ | City, St Zip: | _____ |
| Phone No: | _____ | Phone No: | _____ |
|  |  | Ref. No: | _____ |

**10. PLAN DISBURSEMENTS - DEFAULT PAYMENTS "INSIDE THE PLAN"**
Debtor(s) proposes to cure defaults to the following creditors by payment of the following monthly payments by the Trustee:

| | Creditor | Monthly Payment | Amount of Default to be Cured | Interest Paid (Y/N) |
|---|---|---|---|---|
| 1. | HSBC Mortgage Services | $100.00 | $7,000.00 | N |
| 2. | GMAC Mortgage – see plan provision #30(c) | | | |

Arrearage claims: Mortgage arrearage claims involving mortgages that were entered into after October 22, 1994 shall not be paid interest. Unless modification of creditor(s)' rights is specified in the Plan, the Debtor(s)' statement of the arrearage(s) under this paragraph shall be considered estimates, and the Trustee shall schedule the claims in the amount(s) set forth in the creditor(s)' respective Proofs of Claim (subject to Debtor(s)' objections thereto).

**11. MORTGAGE CLAIMS (CONDUIT PAYMENT BY TRUSTEE)**
**Regular mortgage payment**
If the Trustee is paying the "regular" mortgage payment, any proof of claim must specify the arrearage amount and the principal amount. Also, the holder of the mortgage shall file an amended proof of claim for any changes in the required periodic mortgage payments during the life of the Plan; and the Plan will be deemed to have been modified and the Trustee will disburse the mortgage payments according to the amended proof of claim.

| | Creditor | Monthly Payment | Payment Begin Date |
|---|---|---|---|
| 1. | HSBC Mortgage Services | $1,096.00 | August 2010 |
| 2. | GMAC Mortgage – see plan provision #30(c) | | |

Interest should not be paid on this monthly payment. Trustee may increase the plan payment for conduit cases if served with a filed Notice of Payment change by Mortgagee.

**12. CREDITORS PAID DIRECTLY AND NOT BY THE CHAPTER 13 TRUSTEE** Creditors who will be paid directly by the Debtor(s) and not through the Trustee are:

| | Creditor | Monthly Payment | Payment Begin Date |
|---|---|---|---|
| 1. | Westgate Vacation Villas – see plan provision #30(d) | | |
| 2. | GMAC Mortgage – see plan provision #30(c) | | |

Debtor(s) reserve the right to amend and pay these creditors through the Plan by filing a Motion to Modify.

**13. EXECUTORY CONTRACTS IF APPLICABLE**
See Statement of Executory Contracts, Schedule G.

| | Creditor | Monthly Payment | Payment Begin Date | Assume/Reject |
|---|---|---|---|---|
| 1. | | | | |
| 2. | | | | |

**14. POST-PETITION CLAIMS and/or ADDITIONAL CREDITORS**

4

Post petition claims which are allowed and upon which creditors file a claim shall be paid the same percentage as prepetition claims, which shall represent payment in full to the creditor, unless the Court orders otherwise. Debtor(s) may file a motion to remove or add any creditor to the Plan.

**15. INTEREST RATE**

Secured claims shall be paid interest at the annual percentage rate listed herein based upon a declining monthly balance on the amount of the allowed secured claim in an amount of  4.75 %.  This interest shall be paid as a part of payments shown as the monthly payment. (See In re Till)

**16. PERSONAL INJURY CLAIMS, WORKERS COMPENSATION CLAIMS, SOCIAL SECURITY CLAIMS, AND MISCELLANEOUS CLAIMS OF THE DEBTOR(S)**

The Debtor(s) shall keep the Trustee informed as to any change in status of any claims for personal injury, workers compensation, social security or any other claim to which Debtor(s) may be entitled. Before the claim can be settled and distributed, the Debtor(s) must comply with all requirements for filing applications and motions for settlement with the Court as required by the Bankruptcy Code and Local Rules. These funds shall be treated as additional plan payments or as the Court so otherwise orders.  The Debtor(s)' case will not be complete until the claim has been settled and shall remain open for administration purposes until the claims has been paid into the plan or the Court so otherwise orders.

**17.  TAX RETURNS AND REFUNDS**

Debtor(s) must file tax returns every year that they are in the Chapter 13 plan unless exempt by IRS statutes. Any refund above $800.00 for a single tax return and $1,600.00 for a joint tax return must be turned over to the Chapter 13 Trustee unless otherwise ordered by the Court. Debtor(s) may file a motion to retain if the funds are necessary for their maintenance and support.

**18.  TRANSFERRED CLAIMS**

If any creditor has transferred its claim by assignment or otherwise, the underlying debt shall be discharged as to the transferor and the transferee upon the completion of the Plan through discharge.  See Fed. R. Bankr. P. 3001(e)(2).

**19.  SALE OF REAL ESTATE and/or APPLICATION TO INCUR DEBT FOR REFINANCING**

Sale or refinancing of real estate must occur per the Local Bankruptcy Rules.  The Trustee must be served with a copy of the closing statement one day before the closing.

**20.  CASUALTY LOSS INSURANCE PROCEEDS**

All insurance proceeds must be turned over to the Trustee unless the Debtor(s)' Counsel files a motion to retain proceeds.
**Substitution of Collateral**
If a motor vehicle is substantially damaged while there is still an unpaid claim which is secured by the vehicle, the Debtor(s) shall have the option of using the insurance proceeds to either repair the vehicle, pay off the balance of the secured claims if the secured creditor is a named loss payee on the policy, or **MOVE** to substitute collateral by purchasing a replacement vehicle.  If a replacement vehicle is purchased, the vehicle shall have a value not less than the balance of the unpaid secured claim, the creditor's lien will be transferred to the replacement vehicle and the Trustee will continue to pay the secured claim.

**21.  STUDENT LOANS**

**CHOOSE ONE**

_____   This section is not applicable.
**OR**
  X    Student loans will be paid a dividend as listed below. (Note: You may only pay interest to an unsecured creditor if all claims are paid in full. 11 U.S.C. Section 1322(b)(10))

| Creditor | Percentage Paid | Contractual Rate of Interest – if case is 100% |
|---|---|---|

1     ACS Education Loan Services, LLC     5%     N
2

### 22. SURRENDER OF COLLATERAL
If the Plan provides for surrender of collateral to a secured creditor, the Trustee will not schedule the affected creditor's secured claim for payment until the claim is amended to set forth an unsecured deficiency after disposition of the collateral. Upon confirmation of the Plan, any stay created by the filing of the petition pursuant to 11 U.S.C. Section 362 shall be deemed modified to allow *in rem* disposition of the collateral to effect the surrender. Affected creditors are not barred by this provision from seeking pre-confirmation modification of the stay.

### 23. DISCHARGE - 11 U.S.C. Section 1328
**CHOOSE ONE**

   **X**   Debtor(s) shall receive a discharge when all applicable requirements of 11 U.S.C. Section 1328 have been fulfilled.

**OR**

       Debtor(s) SHALL NOT receive a discharge upon completion of this case. (No discharge if Debtor(s) have received a discharge in any case filed under Chapter 7 within four (4) year period preceding the date of the order for relief under this chapter and no discharge if Debtor(s) have received a discharge in any case filed under Chapter 13 within two (2) year period preceding the date of the order for relief under this chapter - 11 U.S.C. Section 1328). Debtor(s) filed this bankruptcy case on _____. Debtor(s) have previously filed a Chapter 7/13 on _____. (Case no.: ____ ). Unless otherwise provided herein, the Debtor(s) will not be discharged from debts under 11 U.S.C. section 1322(b)(5) in this case.

### 24. AUTOMATIC STAY: Indicate if motion has been filed.
**CHOOSE ONE:**

  **X**  Stay is in effect as to all property of the estate unless this plan indicates otherwise.

_____ 11 U.S.C. Section 362(c)(4)(B). PRIOR CASES (more than two) PENDING WITHIN ONE YEAR

_____ 11 U.S.C. Section 362(c)(3). PRIOR CASE (one) PENDING WITHIN ONE YEAR

_____ 11 U.S.C. Section 362(b)(20) in rem relief TWO YEARS after the date of entry of order

### 25. CO-SIGNERS
Creditors who have co-signers, co-makers, or guarantors, from whom they are enjoined from collection under 11 USC Section 1301, and which co-signers, co-makers, or guarantors are not also Chapter 13 debtors may be separately classified. Such creditors may file their claims, including all of the contractual interest that is due or which will become due during the Plan.

| Creditor | Percentage Paid | Contractual Rate of Interest |
|---|---|---|
| 1. Westgate Vacation Villas – see plan provision #30(e) | | |
| 2. | | |

See Schedule H. Payment of the amount specified in the proof of claim shall constitute full payment of the debt as to the Debtor(s) and any co-signer, co-maker or guarantor.

### 26. DEFAULT AND WAIVER
Any default of the Debtor(s) that is not proposed to be cured in the plan herein is deemed waived by the confirmation of the plan.

### 27. MODIFICATION

After opportunity for hearing and upon such notice as the Court may designate, if it appears that the circumstances of the Debtor(s) so require, the Court may, at the confirmation hearing or during the operation of the Plan, increase or decrease the amount of payments to be paid by the Debtor(s) or to be paid as a priority payment to any creditor, or may extend or reduce the time for such payments.  After confirmation, Debtor(s) must file a motion to modify and attach an amended plan.

**28.  NOTICES**
Notice to all parties shall be made by regular mail or electronically.

**29.  CONFIRMATION**
The confirmation of the Plan shall constitute a finding by the Court that there is good cause to extend the Plan beyond the applicable commitment period under 11 U.S.C. Section 1325(b)(4), if the Plan calls for an extension beyond that period, and that the Plan was filed by the Debtor(s) in good faith and it is the Debtor(s)' best effort.  All conditions of 11 U.S.C. section 521 have been fulfilled or the Debtor(s) have requested an order from the Court.

**30.    ADDITIONAL PROVISIONS PERTAINING TO THE DEBTOR(S)**
This plan is the standard plan form for Cincinnati.  If you use it, any deviation there from should be noted in this Paragraph 30.  Additional provisions may also be included here.
  a. Changes to the standard plan form have been made to: paragraph 4 to include descriptive language in the blank for specifying the monthly amount to be paid in the event insufficient funds are available to pay the specified amount; paragraph 9 to clarify applicability of subsection B. and provide space for pertinent information concerning the enforcement agency; and paragraph 11 to more clearly indicate the claim treatment contemplated by that paragraph.
  b. The calculation of the liquidation percentage relating to 11 U.S.C. 1325(a)(4), inclusive of hypothetical costs of sale, trustee fees, allowed secured claims, and exemptions, is set out in the separately filed liquidation analysis.
  c. The claim of GMAC Mortgage secured by a mortgage upon the real property commonly known as 3064 Westbrook Drive, Cincinnati, Ohio shall be bifurcated and afforded the treatment described in paragraphs 1(C) and 8 above as a consequence of such mortgage not attaching to any equity, said mortgage holder being obligated to release its mortgage of record upon the earlier of discharge or further order of the Court.  Additionally, the Debtor(s) shall separately make a motion to the Court for such treatment to cause the docket to better reflect such treatment.
  d. Time Share, in Ocoee, Florida, to be surrendered to Westgate Vacation Villas, LLC or its assigns, and any deficiency claim to be paid in accordance with plan provision 1C.
  e. Co-signed debt of Westgate Vacation Villas, LLC to be paid outside plan by co-signors and to be contingent claims in the Chapter 13 plan.

1:10-bk-14726

                                                Respectfully Submitted,

 7/9/2010                                    /s/ David J. Hoff OH-0083886
Date                                         David J. Hoff OH-0083886
                                                DEARFIELD, KRUER & COMPANY, LLC
                                                Attorneys for Debtor(s)
                                                8080 Beckett Center Drive
                                                Suite 217
                                                West Chester, OH 45069
                                                513-772-7213

The undersigned Debtor(s) declare under penalty of perjury that the information in the plan is true and correct.

 7/9/2010                                    /s/Marsha L. Nowell
Date                                           Marsha L. Nowell