**This document has been electronically entered in the records of the United States Bankruptcy Court for the Southern District of Ohio.**

**IT IS SO ORDERED.**



Burton Perlman
United States Bankruptcy Judge

**Dated: October 12, 2010**

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| IN RE: | : | ORDER CONFIRMING PLAN UNDER CHAPTER 13 AND APPOINTING TRUSTEE AND RESTRAINING ORDER, AND AWARDING ATTORNEY FEES |
| MARSHA L NOWELL | | |
| DEBTOR | | |
| | : | CASE NO. 10-14726 |

    The debtor(s) have submitted a plan to this court pursuant to 11 U.S.C section 1321 et seq. A meeting of creditors, which was duly noticed to the Debtor(s) and all listed creditors, was held on August 26, 2010 pursuant to 11 U.S.C. section 341.

    IT IS ORDERED THAT the plan as it may have been amended at the meeting of creditors be and it hereby is confirmed pursuant to 11 U.S.C section 1325.

    FURTHER IT IS ORDERED THAT any funds, which the Debtor(s) receive after the sale or other disposition of any of the assets listed on the schedules, or any funds received, including, but not limited to an inheritance, bequest, lottery winnings, personal injury settlements or awards, must, unless otherwise ordered by the Court, be turned over to the Trustee with a Motion delineating who will receive the funds after the twenty one (21) day notice period.

    FURTHER IT IS ORDERED THAT debtor(s) may annually retain $800.00 from a single tax return and $1600.00 from a joint return for their maintenance and support pursuant to
11 U.S.C. section 1325 (b) (2). Earned income credit and the child tax credit may be retained by debtor(s). Any funds above these amounts must be turned over to the Trustee unless Counsel has averaged the tax refund or earned income credit amount into Schedule I, or the plan provides otherwise. After 36 months, under median debtor(s) may retain the tax refund pursuant to
11 U.S.C section 1325 (b) (1) (B).

    FURTHER IT IS ORDERED THAT MARGARET A. BURKS, TRUSTEE, 600 Vine St., Suite 2200, Cincinnati, Ohio 45202 Phone: 513-621-4488 is hereby appointed Trustee to receive and disburse all funds to be paid under the plan, subject to the control of the Court.

    FURTHER IT IS ORDERED THAT the attorney for the debtor(s) herein be allowed and paid a fee by the Trustee per the filed application for fees provided the application does not request fees in excess of $3000 if the case was filed before December 1, 2009, or $3500 if the case was filed on or after December 1, 2009. Nothing herein shall prevent the attorney from separately itemizing time in a fee application and requesting a higher fee when services are warranted.

    FURTHER IT IS ORDERED THAT the Trustee herein deposit all funds that come under her control in a duly designated depository bank of this Court and that she furnish to the Court all reports, records and other information required by order of this Court.

    CREDITORS ARE HEREBY ENJOINED AND STAYED from the commencement or continuation of any suit in any Court against the debtor(s) or from in any manner interfering with the debtor(s) or their property until further order of this Court.

    FURTHER IT IS ORDERED THAT debtor(s) are restrained and prohibited from making purchases on credit or otherwise incurring any voluntary non-emergency debt until the confirmed Chapter 13 plan is discharged or until further order of this Court.

    Violation of this Restraining Order may result in dismissal of the debtor's Chapter 13 plan, denial of a discharge or other appropriate action.

    Pursuant to Local Bankruptcy Rule 4001-3, the debtor(s) may not incur non-emergency consumer debt in excess of one thousand dollars ($1000.00), including the refinancing of real property debt, without written approval of the Chapter 13 Trustee or order of the Court under the procedure set forth in the Local Bankruptcy Rules. To incur debt, the debtor(s) must first submit an application to the Chapter 13 Trustee.

Pursuant to See LBR 2016-1 (b) (2) (A) the attorney fee awarded herein shall cover the following items at a minimum whether performed preconfirmation or postconfirmation:

    Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether, and under what chapter, to file a petition in bankruptcy;

    Preparation and filing of any petition, schedules, statements of affairs and amendments thereto that may be required;

    Preparation and filing of chapter 13 plan, and any pre-confirmation amendments thereto that may be required;

    Preparation and filing of payroll orders and amended payroll orders;

    Representation of the debtor at the meeting of creditors and confirmation hearing; and any continued hearings thereof;

    Filing of address changes;

    Routine phone calls and questions;

    Review of claims;

    Review of Notice of Intention to pay claims;

    Preparation and filing of objections to non-real estate and non-tax claims;

    Preparation and filing of first motion to suspend or reduce payments;

    Preparation and filing of debtor's certification regarding issuance of discharge order;

Any other duty as required by local decision or policy.

SO ORDERED

Copies to:

Default List

# # #